IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,351-01






EX PARTE WILSON CAIZEDO MORENO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


TRIAL COURT CAUSE NO. 00CR1950-83

IN THE 405TH JUDICIAL DISTRICT COURT

FROM GALVESTON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of aggravated robbery, and punishment was assessed at confinement for
twenty-five years. Applicant's judgment of conviction was affirmed. Moreno v. State, 14-02-00636-CR (Tex. App.-Houston [14th Dist.] 2003, no pet.). 

 Applicant contends that his attorney rendered ineffective assistance of counsel and
that he was denied the right to file a petition for discretionary review when his attorney failed
to notify him that his judgment of conviction had been affirmed by the appellate court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997);
Ex parte Crow, 180 S.W.3d 135 (Tex. Crim. App. 2005). In these circumstances, additional
facts are needed. Pursuant to Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide counsel with the opportunity to respond to applicant's claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc., art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent applicant at the hearing. Tex. Code Crim. Proc., art.
26.04. 

 The trial court shall make findings of fact as to whether Applicant was denied his right
to file a petition for discretionary review because Applicant's attorney failed to inform him
that his judgment of conviction was affirmed by the appellate court. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 


 IT IS SO ORDERED THIS THE 17TH DAY OF MAY, 2006.




DO NOT PUBLISH