IN THE COURT OF CRIMINAL APPEALS


OF TEXAS
 





NO. AP-75,495






EX PARTE JOSE ISMAEL SALVADOR, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


TRIAL COURT CAUSE NO. 751739-A

IN THE 263rd JUDICIAL DISTRICT COURT

FROM HARRIS COUNTY



 

 Per curiam.


 O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of attempted capital murder, and punishment was assessed at confinement for
50 years. Applicant's judgment of conviction was affirmed. Salvador v. State, 12-97-00228-CR (Tex. App.-Tyler 1999, no pet.). 

 Applicant contends that his appellate attorney rendered ineffective assistance because
she failed to inform him he had the right to file a pro se petition for discretionary review, and
he would have exercised that right had he been so informed. Appellate counsel concedes she
did not inform applicant of his right to file a pro se petition for discretionary review. The
trial court recommends that applicant be granted an out-of-time petition for discretionary
review. The court also recommends all of applicant's other claims be dismissed. See Ex
parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).

 We agree. Counsel has a duty to notify Applicant that his judgment of conviction was
affirmed on direct appeal, and if counsel elects not to pursue discretionary review, to notify
Applicant of his right to file a pro se petition for discretionary review. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997);
Ex parte Crow, 180 S.W.3d 135 (Tex. Crim. App. 2005).

 Relief is granted. Applicant is entitled to an out-of-time petition for discretionary
review in cause number 751739-A in the 263rd Judicial District Court of Harris County. This
cause is returned to that point in time at which applicant may file a pro se petition for
discretionary review. For purposes of the Texas Rules of Appellate Procedure, all time limits
shall be calculated as if the court of appeals' judgment was rendered on the date that the
mandate of this Court issues. We hold that should applicant desire to prosecute a pro se
petition for discretionary review, he must take affirmative steps to see that his petition is filed
within thirty days after the mandate of this Court has issued. All of Applicant's other claims
are dismissed. Ex parte Torres, 943 S.W.2d 469 (Tex. Crim. App. 1997).

DELIVERED: September 13, 2006

DO NOT PUBLISH