IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-65,052-01






EX PARTE ERNESTO RODRIGUEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 58530 IN THE 327TH DISTRICT COURT


FROM EL PASO COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to sixty-five (65) years' imprisonment. The Eighth Court of Appeals
affirmed his conviction. Rodriguez v. State, No. 08-90-00367-CR (Tex. App. - El Paso, June 24,
1992, no pet.). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to timely notify applicant that he could file a petition for discretionary review pro se. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000); see also Ex
parte Crow, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005). In these circumstances, additional facts
are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the
trial court is the appropriate forum for findings of fact. The trial court shall provide appellate
counsel with the opportunity to respond to applicant's claim of ineffective assistance of counsel on
appeal. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), and
may also provide the State with an additional opportunity to respond. In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether applicant's appellate counsel timely
informed applicant of his right to file a petition for discretionary review pro se, and whether
applicant would have availed himself of the opportunity to file a petition, had counsel informed him
of this right. The trial court shall also make any other findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of
law, shall be returned to this Court within one hundred (120) days of the date of this order. Any
extensions of time shall be obtained from this Court. 



Filed: September 27, 2006

Do not publish