IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,181-02






EX PARTE GUY VAL QUAM , Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 114-1821-05 IN THE 114th DISTRICT COURT


FROM SMITH COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault of a child and sentenced to life imprisonment. The Twelfth Court of Appeals affirmed his
conviction. Quam v. State, No. 12-06-186-CR (Tex. App.-Tyler, delivered April 25, 2007, no pet). 
 We previously granted Applicant an out-of-time petition for discretionary review (PDR).
Applicant contends that counsel appointed for the habeas corpus hearing wrote to him, stating that
he would file the PDR on Applicant's behalf, but failed to do so, depriving Applicant of his out-of-time PDR. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Crow, 180
S.W.3d 135, 137-138 (Tex. Crim. App. 2005); Ex parte Lemke, 13 S.W.3d 791, 795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall provide counsel with the opportunity to respond to Applicant's claim
that he was deprived of his right to a petition for discretionary review due to counsel's inaction. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's habeas counsel told
Applicant he would file a PDR and then failed to timely file the petition, and as to whether Applicant
would have filed a PDR on his own, but for the counsel's conduct. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 5, 2008

Do not publish