IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-60,492-01, -02, -03 & -04






EX PARTE DAVID HARLEY BAILEY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 88-CR-145-B, 88-CR-142-B, 88-CR-139-B & 88-CR-144-B 


IN THE 138TH DISTRICT COURT

FROM CAMERON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of injury to a child and sentenced to ten years' imprisonment on each count. He was also convicted
of two counts of aggravated sexual assault and sentenced to twenty years' imprisonment on each
count. He did not appeal his convictions. 

 Applicant contends, among other things, that he was denied his right to appeal and that the
trial court had no authority to order his sentences to run consecutively. On April 13, 2005, we denied
these applications. On December, 15, 2010, we reconsidered the denial of Applicant's out-of-time
appeal claim on our own motion, remanded these applications, and directed the trial court to make
findings of fact and conclusions of law as to whether Applicant was entitled to be in the appellate
process and, if so, whether he was denied his right to appeal.

 On remand, the trial court concluded that Applicant was entitled to be in the appellate process
because he had filed timely notices of appeal. The trial court recommended that we grant Applicant's
request for out-of-time appeals. We conclude that Applicant was not entitled to be in the appellate
process. See Ex parte Crow, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005). His out-of-time appeal
claim is denied. 

 The trial court, however, shall make further findings of fact and conclusions of law as to
whether Applicant's sentences were improperly cumulated. The trial court shall specifically
determine whether Applicant's sentences could have been cumulated under Section 3.03 of the Penal
Code in effect when Applicant committed his offenses. 

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). If the
trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent
him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: March 9, 2011

Do not publish