# PD-0718&0719-15

**RECEIVED IN**
COURT OF CRIMINAL APPEALS

JUN 11 2015

Abel Acosta, Clerk

Edward Medrano #1790103
Dalhart Unit TDCJ
11950 FM 998
Dalhart, Texas 79022

June _____, 2015

Abel Acosta
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

    RE:  Appellate Cause Nos. 11-12-00222-CR & 11-12-00223-CR
          Trial Court Cause Nos. CR-35988 & CR-36058

    Sub:  Motion for Out-Of-Time Pro Se Petition for Discretionary
          Review with Attachment-A

Dear Clerk:

Enclosed please find for filing Petitioner's Motion for Out-Of-Time Pro Se Petition for Discretionary Review. Please file date stamp and bring to the attention of the Court.

Also enclosed, is a copy of this letterhead. Please file date same and return in the provided self addressed stamped envelope.

Thank you for your assistance on this matter.

Sincerely,

**FILED IN**
COURT OF CRIMINAL APPEALS

JUN 12 2015

Abel Acosta, Clerk

_____
Edward Medrano #1790103
Petitioner Pro Se

EFM/
  cc: Teresa Clingman, 500 N. Loraine, 2nd Fl., Midland, Texas 79701
      FILE

Enclosures:  Copy of letterhead
            Self addressed stamped envelope

Edward Medrano #1790103
Dalhart Unit TDCJ
11950 FM 998
Dalhart, Texas 79022

June _____, 2015

Abel Acosta
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308

    RE:  Appellate Cause Nos. 11-12-00222-CR & 11-12-00223-CR
         Trial Court Cause Nos. CR-35988 & CR-36058

    Sub: Motion for Out-Of-Time Pro Se Petition for Discretionary
         Review with Attachment-A

Dear Clerk:

Enclosed please find for filing Petitioner's Motion for Out-Of-Time Pro Se Petition for Discretionary Review. Please file date stamp and bring to the attention of the Court.

Also enclosed, is a copy of this letterhead. Please file date same and return in the provided self addressed stamped envelope.

Thank you for your assistance on this matter.

Sincerely,

_____
Edward Medrano #1790103
Petitioner Pro Se

EFM/
    cc: Teresa Clingman, 500 N. Loraine, @nd Fl., Midland, Texas 79701
        FILE

Enclosures:  Copy of letterhead
             Self addressed stamped envelope

NO._____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

| | | |
|---|---|---|
| EX PARTE | § | ORIGINATING IN THE 238th |
| | § | DISTRICT COURT IN AND FOR |
| EDWARD FERNANDEZ MEDRANO | § | MIDLAND COUNTY, TEXAS |

MOTION FOR OUT-OF-TIME PRO SE

PETITION FOR DISCRETIONARY REVIEW

On Appeal from the Court of Appeals

Eleventh District of Texas at Eastland

Appellate Cause Nos. 11-12-00222-CR & 11-12-00223-CR

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW, Edward Fernandez Medrano, Texas Department of Criminal Justice(TDCJ)-ID #1790103, Petitioner pro se in the above captioned and styles cause, and files this Motion for Out-Of-Time Petition for Discretionary Review(PDR). In support of this motion Petitioner will show this Honorable Court the following:

- 1 -

I.

## STATEMENT OF THE CASE

Petitioner was indicted on May 14, 2009, and then again on June 3, 2009, for the offense of "Indecency With A Child By Exposure" in Cause No. CR-35,988 and for the offense of "Indecent Exposure To A Child" in Cause No. CR-36,058. The parties agreed to consolidate te cases for trial.

The jury found Petitioner "guilty" in each indictment, and assessed punishment at confinement for three years for the first indictment, two years for the first count in the second indictment, three years for the second count in the second indictment, and two years for the third count in the second indictment. However, the trial court suspended the imposition of Petitioner's sentence as to the third count in the second indictment, placing Petitioner on community supervision for a period of ten years.

The State filed a motion under Sec. 3.03 of the Penal Code in which it sought to cumulate the four sentences assessed against Petitioner. Penal § 3.03(West Supp. 2013). The trial court found that each of the four offenses of which the jury convicted Petitioner was for indecency with a child under Sec. 21.11 and that the victim in each case was a child younger than seventeen years of age. The trial court granted the State's motion.

Petitioner appealed his conviction in the Court of Appeals Eleventh District of Texas, appellate cause nos. 11-12-00222-CR & 11-12-00223-CR. The court affirmed the case on July 3, 2014, with

The Texas Rules of Appellate Procedures(TRAP), Rule § 48.4 provides that:

> In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send a copy of the opinion and judgment, along with notification of the defendant's rights to file a pro se petition for discretionary review under Rule 68. This notification shall be sent certified mail, return receipt requested, to the defendant at his last known address. The attorney shall also send the court of appeals a letter certifying his compliance with this rule and attaching a copy of the return receipt within the time for filing a motion for rehearing. The court of appeals shall file this letter in its record of the appeal. (eff. Sept. 1, 2007).

The deadline for filing Petitioner's pro se PDR was thirty days after the court of appeals handed down its opinion and judgment affirming the conviction July 3, 2014, pursuant to Id., Rule § 68.2. Thus, causing the deadline date to reflect as being due on or before August 2, 2014. Petitioner has not requested an Out-Of-Time pro se PDR, nor has he requested an extension of time to file a pro se PDR.

Petitioner's one-year period of limitations pursuant to the Antiterrorism and Effective Death Penalty Act(AEDPA) as contained in 28 U.S.C. § 2254(d), provides in part:

> (1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

seeking such review;.

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligance.

## III.

## STATEMENT OF THE FACTS

Petitioner's request for a Out-Of-Time pro se PDR is based upon the following facts:

(a) Petitioner sent inquiry to the court of appeals on his own volition, May 27, 2015, requesting status of his appeal. (see Ex-A, carbon copy of same);

(b) On May 29, 2015, Petitioner received a copy of the court of appeals "Memorandum Opinion" from a family member, VIA mail;

(c) On June  , 2015, Petitioner received notification from the court of appeals that, his appeal had been denied and the conviction had been affirmed July 3, 2014. (see Exhibit B*);

(d) To date, appellate counsel has failed to:

(1) forward a copy of the Appellant and State's Briefs;

(2) notify Petitioner of the court of appeals' "Memorandum Opinion" and judgment or forward copy of same;

(3) Notify Petitioner of his right to file a pro se PDR, the deadline for filing same, possible grounds for review and their merits, and delinating the advantages and disadvantages of any further review;

_____

* Retyped copy of same.

- 4 -

(4) comply with Tex.R.App.P., Rule § 48.4; and

(5) comply with the court of appeals' request for a letter certifying compliance with said rule, and a copy of return receipt due on or before July 18, 2014.

(e) Appellate counsel's deficient preformance has deprived Petitioner of his right to file a pro se PDR;

(f) Had it not been for appellate counsel's deficient preformance, Petitioner would have timely filed a pro se PDR;

(g) Appellate counsel's deficient preformance has caused the forfeiture of approximately 70% of the AEDPA one-year period of limitations as contained in 28 U.S.C. § 2254(d);

(g) Petitioner has been denied his Sixth Amendment right to effective assistance of appellate counsel;

(h) The TDCJ Dalhart Unit's mail room log will not reflect, or indicate that, Petitioner has ever received any incoming mail either certified or not, return receipt, correspondence from the appellate counsel or his office; and

(i) Petitioner was not informed that the court of appeals had issued its "Mandate" until June 3, 2015. VIA In-Cell-Phone-family.

## ARGUMENT

Although there is no right to discretionary review, an appellant ordinarily has a right to file a PDR in an attempt to persuade the Court of Criminal Appeals to exercise their discretion. Losing the right to file a pro se PDR constitutes the deprivation of that entire proceeding. Ex parte Crow, 180 S.W.3d 135, 138 (Tex.Crim.App. 2005).

The United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984), established a federal standard for determining whether an attorney rendered effective assistance. The Strickland test even applies to an attornet's preformance in handling an appeal. See Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821(1985)(due process requires that a defendant have effective assistance on his first appeal).

An appellate attorney has the duty to inform appellant of the result of the appeal and that he may, on his own volition, pursue discretionary review in this Court. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.Crim.App. 1997); see also TRAP, Rule § 48.4.

If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his Sixth Amendment right to effective assistance. U.S.C.A. Const.Amend. 6; Vernon's Ann. Texas Code of Criminal Procedure(CCP), art. 26.04; Id., at 26.

Most recently, in Ex parte Crow, Id., at 138, this Court held that, the failure of appellate counsel to follow the requirements of Wilson, will be measured by the Sixth Amendment standard for prejudice that is more "limited" than the ordinary standard that Strickland calls for. Id. This Court applied this "limited" prejudice requirement to the failure of appellate counsel to inform Petitioner of his right to pursue a pro se PDR, noting that although an appellant has no right to discretionary review, he has an absolute right to "attempt to persuade this Court to exercise its discretion." Crow, 180 S.W.3d at 138. see also CCP art. 44.45 (d)(1); TRAP 66.1.

Petitioner pled "not guilty," filed his "notice of appeal," and appealed his conviction. This strongly militates in favor of finding that the Petitioner would in fact have proceeded further in continuing his appellate process and filed a pro se PDR as well, as alleged in his affidavit. See Ex parte Owens, 206 S.W.3d 670, 676 (Tex.Crim.App. 2006)(see Exhibit C).

Yet due to ineffective assistant of appellate counsel, Petitioner has lost his right under the Sixth Amentment to file a PDR in hopes of persudaing this Court to exercise their discretion. Id., 956 S.W.2d at 26.

Petitioner need not show that the proceeding the counsel's ineffectiveness deprived him of would have resulted in a favorable outcome; he need only show that he was deprived of that proceeding and he would have availed himself of the proceeding had his counsel's conduct not caused the forfeiture of the proceeding in question. Id., 180 S.W.3d at 138; See also Ex parte Owens, 206 S.W.3d at 676.

## CONCLUSION

Petitioner's request for an Out-Of-Time PDR, is not for or a form of delay, but is so that Petitioner may be afforded his right and a fair opportunity to petition this Court to exercise their discretion for review and exhaust all of his post-conviction remidies made available by law. A right that has been forfeited at no fault of Petitioner, but due to ineffective assistance of appellate counsel, in failing to comply with Id., Rule § 48.4.

Therefore, this Court should grant Petitioner's motion for an

Out-Of-Time PDR in hopes of persuading this Honorable Court to review the issues Petitioner will present to the Court.

The Court should also reinstate the AEDPA's one-year limitations to reflect this Court's calculations for a renewd begin date so that Petitioner has a fair and impartial outcome to this proceeding.

## P R A Y E R

WHEREFORE, PREMISES CONSIDERED, Petitioner prays this Honorable Court grant this Motion for Out-Of-Time PDR so that he may be afforded an opportunity to petition this Honorable Court for their discretionary review on issued presented and reinstate the AEDPA's one-year limitations period lost to Petitioner at no fault of his own. So prayed.

Respectfully submitted,

Edward Medrano #1790103
Dalhart Unit TDCJ
11950 FM 998
Dalhart, Texas 79022
Petiitoner pro se

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Motion for Out-Of-Time Pro Se PDR was sent to the State, VIA-Mail, in accordance with the Texas Rules of Appellate Procedure, to: Teresa Clingman, 500 N. Loraine, 2nd Fl., Midland, Texas 79701.

Executed on this the _____ day of June, 2015.

Edward Medrano #1790103
Petitioner Pro Se

## UNSWORN DECLARATION

I, Edward Medrano, TDCJ-ID #1790103, being presently incarcerated in the Dalhart Unit of the TDCJ in Hartley County, Texas, verify and declare, under penalty of perjury that I had read the foregoing statements and facts contained within this petition and the attached "Affidavit" and same are true and correct.

Executed on this the _____ day of June, 2015.

Edward Medrano #1790103
Petitioner Pro Se

ATTACHMENT - A

THE STATE OF TEXAS                    §

                                      §

COUNTY OF HARTLEY                      §

## AFFIDAVIT OF "EDWARD FERNANDEZ MEDRANO"

I, Edward Fernandez Medrano, affiant, first being duly sworn hereby depose and say:

My name is Edward Fernandez Medrano, I am a resident of Texas being presently incarcerated in the TDCJ Dalhart Unit. I am over the age of twenty-one(21) and of sound mind. The following is a true and correct, factual statement concerning the Motion for an Out-Of-Time Pro Se PDR in connection with appellate cause numbers 11-12-00222-CR and 11-12-00223-CR.

"If my appellate attorney would have followed the strict requirements as outlined in the Texas Rules of Appellate Procedure, Rule § 48.4, and not only notified me that the court of appeals had issued their decision and "Memorandum Opinion" in the denial of my appeal but, informed me of my right to prepare and file a pro se PDR, I would in **fact** have petitioned the Court of Criminal for them to exercise their discretionary for a review of issues presented, and timely continued with my post-conviction remedies until fully exhausted.

Executed on this the _____ day of June, 2015.

                              _____
                              Edward Medrano #1790103
                              Petitioner Pro Se

Edward Medrano #1790103
Dalhart Unit TDCS
11950 FM 998
Dalhart, TX 79022

U.S. POSTAGE
PAID
DALHART, TX
79022
JUN 08, '15
AMOUNT
$0.00
0003700205

UNITED STATES
POSTAL SERVICE

1000

78711



Abel Acosta, Clerk
P.O. Box 12308, Capitol Station
Austin, Texas 78711-2308