**Ex parte Rickie Lynn CROW, Applicant.**

**No. AP–75176.**

Court of Criminal Appeals of Texas.

Nov. 23, 2005.

Gary A. Udashen & Charles Patrick Reynolds, Dallas, for Appellant.

Christina O'Neal, Asst. D.A., Dallas, Matthew Paul, State's Attorney, Austin, for the State.

## OPINION

KELLER, P.J., delivered the opinion of the unanimous Court.

The question in this case is whether an applicant must show prejudice to establish entitlement to an out-of-time petition for

discretionary review (PDR) due to counsel's failure to follow the requirements of *Ex parte Wilson.*[1] We hold that a limited showing of prejudice is required. Finding that applicant has made this limited showing, we grant relief.

## I. BACKGROUND

Applicant was charged with the offense of aggravated robbery. He pled "not guilty" and was subsequently convicted. He appealed. Represented by counsel on appeal, applicant challenged the legal and factual sufficiency of the evidence and alleged *Batson*[2] error. The court of appeals affirmed the trial court's judgment on April 4, 2003, but appellate counsel failed to inform applicant of the court of appeals's decision. As a consequence, applicant did not become aware of the court of appeals's decision until after the time for filing a petition for discretionary review had expired.

In a *pro se* application for writ of habeas corpus, filed with the trial court on April 13, 2004, applicant contended that he discovered the court of appeals's opinion after his own inquiry, that he was deprived of his right to file a PDR, and that, had one been filed, there was a significant chance his conviction would have been reversed. Applicant did not explain in his application why he believed a PDR would have had merit.

We filed and set this case to determine whether *Hernandez v. State,*[3] applying the prejudice prong of *Strickland*[4] to the punishment phase of noncapital cases,[5] had any impact on the rule announced in *Wilson.* Briefing was requested and applicant was appointed counsel for that purpose. Habeas counsel argued that a showing of prejudice was not required and, in the alternative, that the *Batson* claim had merit. In its brief, the State claimed that a showing of prejudice was required and that applicant failed to show prejudice because all of his claims on appeal were without merit.

## II. ANALYSIS

*Hernandez* suggests that a prejudice component is always part of an ineffective assistance claim because the government is not responsible for deficient attorney performance and should not be held accountable absent some real harm.[6] But we must also address the present case in light of another, much more recent decision, *Johnson v. State.*[7] *Johnson* likewise held that all attorney errors should be viewed through the prism of the *Strickland* framework, except in conflict of interest cases and where the defendant is denied the right to counsel altogether.[8]

But *Johnson* recognized that Supreme Court precedent treats certain attorney errors a little differently under *Strickland*'s prejudice prong than is ordinarily the case.[9] For attorney errors that involve a deprivation amounting to a structural defect, the prejudice inquiry is more limited.[10] These errors are rare, but

1. 956 S.W.2d 25 (Tex.Crim.App.1997).

2. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

3. 988 S.W.2d 770 (Tex.Crim.App.1999).

4. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. *Hernandez, supra.*

6. 988 S.W.2d at 772.

7. 169 S.W.3d 223 (Tex.Crim.App.2005).

8. *Id.* at 231–232.

9. *Id.*

10. *Id.* at 231.

include deficient conduct that results in the deprivation of an entire judicial proceeding, such as an appeal.[11] When a defendant's right to an entire judicial proceeding has been denied, the defendant is "required to show a reasonable probability that, absent counsel's errors, a particular proceeding would have occurred, but he [is] not required to show that the proceeding would have resulted in a favorable outcome."[12] Or put another way, to meet the limited showing of prejudice in this context, "counsel's deficient performance must actually cause the forfeiture of the proceeding in question."[13] As part of showing that the counsel's conduct actually caused the forfeiture of the proceeding, the defendant must demonstrate that he would have availed himself of the proceeding in question.[14]

Although there is no right to discretionary review, an appellant ordinarily has a right to file a PDR in an attempt to persuade us to exercise our discretion. Losing the right to file a PDR constitutes the deprivation of that entire proceeding.

The question then becomes whether counsel's conduct caused the deprivation. In the PDR context, satisfying that showing entails: (1) demonstrating that the appellant was entitled to be in the appellate process, and (2) absent counsel's conduct, the appellant would have timely filed a PDR. When the appellant has no right to appeal, he can hardly be in position to complain about the denial of a PDR. In that circumstance, there should have been no occasion to file a PDR because appeal itself was unauthorized. So, where appeal is barred by Article 42.12, § 5(b),[15] Rule 25.2(a)(2),[16] *Manuel v. State*,[17] or some similar provision or doctrine, or where the defendant waived appeal, the attorney's failure to comply with *Wilson* does not cause the defendant to be deprived of consideration of his PDR. Likewise, when an appellant would not have filed a PDR anyway, even if he had been notified in compliance with *Wilson*, then the attorney's action cannot be said to have caused the deprivation.

Applicant's case involved a prosecution on the primary offense, in a single proceeding, that resulted in conviction after a plea of not guilty. No statute, rule, or caselaw doctrine appears to prohibit appeal, no waiver of appeal is apparent, and the court of appeals addressed applicant's appeal on the merits. Consequently, we conclude that applicant was entitled to be in the appellate process. With regard to whether applicant would have filed a PDR, he filed his application less than a year after the court of appeals's opinion became final, he has alleged that he was deprived of the right to file a PDR and that he believes a PDR would have had a significant chance of success, and of

11. *Id.*

12. *Id.*

13. *Id.* at 232 (quoting from *Roe v. Flores–Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); internal quotations omitted, brackets omitted from inserted material).

14. *Id.*

15. Tex.Code Crim. Proc., Art. 42.12, § 5(b)(deferred adjudication defendant can-

not appeal trial court's decision to adjudicate guilt).

16. Tᴇx.R.Aᴘᴘ. P. 25.2(a)(2)(plea bargaining defendant who gets benefit of the bargain can appeal only those matters raised by written motion, filed, and ruled upon before trial or where trial court gives permission to appeal).

17. 994 S.W.2d 658 (Tex.Crim.App.1999)(defendant cannot attack original plea in appeal from revocation of deferred or regular probation).

course, he is currently asking for an out-of-time PDR. And there is no controverting evidence suggesting that he would not have filed a PDR. Under the circumstances present here, applicant's allegations are sufficient to prove that he would have filed a PDR if he had been properly informed in accordance with *Wilson*'s dictates.

Applicant is granted leave to file an out-of-time petition for discretionary review. Should applicant desire to seek discretionary review, he must take affirmative steps to see that his petition is filed in the Court of Appeals within thirty days after the issuance of the mandate of this Court in this cause.