IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-62,433-01, WR-62,433-02






EX PARTE PATRICK HALL, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

FROM CAUSE NOS. 991261 AND 991262 IN THE 331ST JUDICIAL DISTRICT
COURT OF TRAVIS COUNTY




 Per curiam.

 O R D E R


 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the felony offenses of taking a weapon from a peace officer and
assault on a peace officer, and punishment was assessed at twenty and ninety-nine years'
confinement, respectively. Applicant's convictions were affirmed on appeal. Hall v. State
No. 03-99-00339-CR and 03-99-00340-CR(Tex. App. --Austin, delivered March 2, 2000,
no pet.).

 Applicant contends, inter alia, that he was denied the opportunity to file petitions for
discretionary review because his appellate attorney did not timely notify him that his
convictions had been affirmed or that he could seek discretionary review, pro se.

 The trial court has entered findings of fact or conclusions of law finding that
Applicant has failed to show that there was a reasonable probability that the Court of
Criminal Appeals would have granted review had Applicant filed a petition for discretionary
review. However, we do not believe that those factual findings are sufficient to completely
resolve the issues presented. As this Court recently noted in Ex parte Crow, 2005 Tex. Crim.
App. LEXIS 2011 (Tex. Crim. App. 2005), when a defendant's right to an entire judicial
proceeding has been denied, the defendant is required to show a reasonable probability that,
absent counsel's errors, a particular proceeding would have occurred, but he is not required
to show that the proceeding would have resulted in a favorable outcome.

 Because Applicant has stated facts requiring resolution and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court for resolution
of those issues. The trial court may resolve those issues as set out in Tex. Code Crim. Proc.
art. 11.07, § 3 (d), in that it may order additional affidavits, depositions, or interrogatories
from appellate counsel, or it may order a hearing. In the appropriate case the trial court may
rely on its personal recollection. 

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether appellate counsel ever
informed Applicant specifically of his right to file a pro se petition for discretionary review.
With respect to whether appellate counsel properly informed Applicant that his conviction
had been affirmed on direct appeal, the record contains an affidavit from counsel stating that
he believes, but does not have a record showing that he sent a copy of the court of appeals'
opinion to Applicant's mother, for transmission to Applicant. The trial court shall make
findings as to whether there was an explicit arrangement whereby appellate counsel would
communicate with Applicant via Applicant's mother. The trial court shall also make findings
as to whether Applicant ever personally received notice that his conviction had been affirmed
on appeal, and if so, when. The court shall also make findings as to whether Applicant
expressed his desire to file a petition for discretionary review, and if so, when. The trial
court shall make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), these applications for post-conviction writs of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within ninety days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred and twenty days of the date of this
order. (2)


 IT IS SO ORDERED THIS THE 8th DAY OF MARCH, 2006.


EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.