IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,437






EX PARTE ENCARNACION CLAUDIO, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


TRIAL COURT CAUSE NO. 2000-CR-311-B

IN THE 138TH JUDICIAL DISTRICT COURT

FROM CAMERON COUNTY



 

 Per curiam.


 O P I N I O N



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of murder, and punishment was assessed at confinement for life. Applicant's
judgment of conviction was affirmed. Claudio v. State, 922 S.W.2d 126 (Tex. App.-Corpus
Christi 2001, no pet.). 

 Applicant contends that his attorney rendered ineffective assistance because he failed
to timely file a petition for discretionary review after promising Applicant he would do so.

Counsel submitted an affidavit admitting that he told Applicant he would file a petition for
discretionary review, but later decided not to do so. Counsel claims to have kept Applicant's
family informed about the status of the appeal, but he does not recall when he advised
Applicant. He cannot find documentation that he timely notified Applicant his judgment of
conviction was affirmed on direct appeal, or, that he informed Applicant of his right to file
a pro se petition for discretionary review. He never alleges he notified Applicant about his
right to file a pro se petition for discretionary review.

 The trial court entered findings of fact and conclusions of law in which it found
counsel did not provide deficient performance as required for a finding of ineffective
assistance of counsel, and recommended that an out-of-time petition for discretionary review
be denied. We disagree.

 Counsel has a duty to notify Applicant that his judgment of conviction was affirmed
on direct appeal, and if counsel elects not to pursue discretionary review, to notify Applicant
of his right to file a pro se petition for discretionary review. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Wilson, 956 S.W.2d 25 (Tex. Crim. App. 1997); Ex parte Crow,
180 S.W.3d 135 (Tex. Crim. App. 2005).

 Relief is granted. Applicant is entitled to an out-of-time petition for discretionary
review in cause number 2000-CR-311-B in the 138th Judicial District Court of Cameron
County. This cause is returned to that point in time at which Applicant may file a pro se
petition for discretionary review. For purposes of the Texas Rules of Appellate Procedure,
all time limits shall be calculated as if the court of appeals' judgment was rendered on the
date that the mandate of this Court issues. We hold that should applicant desire to prosecute
a pro se petition for discretionary review, he must take affirmative steps to see that his
petition is filed within thirty days after the mandate of this Court has issued.

DELIVERED: June 14, 2006

DO NOT PUBLISH