IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,923-02






EX PARTE MELVIN CHARLES PAUL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 844969 IN THE 174TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to a term of life imprisonment. The Fourteenth Court of Appeals affirmed his
conviction. Paul v. State, No. 14-00-00937-CR, no pet. (Tex. App. - Houston, January 10, 2002). 

 Applicant contends that his appellate counsel rendered ineffective assistance because counsel
failed to notify Applicant of his right to file a petition for discretionary review.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide appellate counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel on appeal. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether appellate counsel informed Applicant
of his right to file a petition for discretionary review. If the court finds that counsel did not inform
Applicant of that right, the court shall make a finding as to whether Applicant timely would have
filed a petition for discretionary review, if he had been informed. See Ex parte Crow, 180 S.W.3d
135, 138 (Tex. Crim. App. 2005). The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of
law, shall be returned to this Court within one hundred twenty (120) days of the date of this order. 
 Any extensions of time shall be obtained from this Court. 



Filed: October 25, 2006

Do not publish