

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. AP-75,936 & AP-75,937

**EX PARTE JUAN R. RAMIREZ, Applicant**

### ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
### CAUSE NOS. 984839-B & 984840-B IN THE
### 351ST DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.*

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of intoxication manslaughter, enhanced by a prior conviction, and sentenced to fifteen years' imprisonment. The First Court of Appeals affirmed his conviction. Ramirez v. State, Nos. 01-05-00383-CR and 01-05-00384-CR (Tex. App. - Houston [1st], delivered June 8, 2006, no pet.).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance because counsel failed to timely notify Applicant that his convictions had been affirmed or that he

could file petitions for discretionary review.

Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court has entered findings of fact and conclusions of law that appellate counsel failed to timely notify Applicant that his conviction had been affirmed because she herself did not receive timely notice of the affirmance. The trial court recommends that relief be granted. *Ex parte Crow,* 180 S.W.3d 135 (Tex. Crim. App. 2005).

We find, therefore, that Applicant is entitled to the opportunity to file out-of-time petitions for discretionary review of the judgments of the First Court of Appeals in Cause Nos. 01-05-00383-CR and 01-05-00384-CR that affirmed his convictions in Case Nos. 984839 and 984840 from the 351st Judicial District Court of Harris County. Applicant shall file his petitions for discretionary review with the First Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. See *Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).


Delivered: June 11, 2008
Do not publish