IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NOS. AP-75,936 & AP-75,937




EX PARTE JUAN R. RAMIREZ, Applicant




ON APPLICATIONS FOR WRIT OF HABEAS CORPUS
CAUSE NOS. 984839-B & 984840-B IN THE
351ST DISTRICT COURT FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
intoxication manslaughter, enhanced by a prior conviction, and sentenced to fifteen years’
imprisonment. The First Court of Appeals affirmed his conviction. Ramirez v. State, Nos. 01-05-00383-CR and 01-05-00384-CR (Tex. App. - Houston [1st], delivered June 8, 2006, no pet.).
            Applicant contends, inter alia, that his appellate counsel rendered ineffective assistance
because counsel failed to timely notify Applicant that his convictions had been affirmed or that he
could file petitions for discretionary review.
            Appellate counsel filed an affidavit with the trial court. Based on that affidavit, the trial court
has entered findings of fact and conclusions of law that appellate counsel failed to timely notify
Applicant that his conviction had been affirmed because she herself did not receive timely notice of
the affirmance. The trial court recommends that relief be granted. Ex parte Crow, 180 S.W.3d 135
(Tex. Crim. App. 2005). 
            We find, therefore, that Applicant is entitled to the opportunity to file out-of-time petitions
for discretionary review of the judgments of the First Court of Appeals in Cause Nos. 01-05-00383-CR and 01-05-00384-CR that affirmed his convictions in Case Nos. 984839 and 984840 from the
351st Judicial District Court of Harris County. Applicant shall file his petitions for discretionary
review with the First Court of Appeals within 30 days of the date on which this Court’s mandate
issues.
            Applicant’s remaining claims are dismissed. See Ex parte Torres, 943 S.W.2d 469 (Tex.
Crim. App. 1997).
 
Delivered: June 11, 2008
Do not publish