IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
 


NO. WR-79,647-01




EX PARTE JIM BRITE, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 2006CR5362-W1 IN THE 186TH DISTRICT COURT
FROM BEXAR COUNTY




            Per curiam.

O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of 
aggravated sexual assault, one count of sexual assault, and three counts of indecency with a child. 
He was sentenced to imprisonment for one term of life and four terms of twenty years. The Fourth
Court of Appeals affirmed his convictions. Brite v. State, No. 04-07-00820-CR (Tex. App.—San
Antonio 2009, no pet.). 
            In a single ground, Applicant contends that appellate counsel failed to send him a copy of the
opinion from the Fourth Court of Appeals. Appellate counsel filed a sworn affidavit in response to
Applicant’s claim. The trial court found her affidavit credible and recommended that we deny
relief.


 We believe that the record is not sufficient to resolve Applicant’s claim. Accordingly, the
trial court shall order a member of the Mail System Coordinators Panel at the Texas Department of
Criminal Justice to respond in a sworn affidavit and state whether Applicant received mail from
appellate counsel from June 11 to August 11, 2009.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make further findings of fact and conclusions of law as to whether
appellate counsel complied with Rule 48.4 of the Rules of Appellate Procedure and whether
Applicant received mail from appellate counsel from June 11 to August 11, 2009. The trial court
shall also make further findings and conclusions as to whether appellate counsel’s conduct was
deficient and, if so, absent counsel’s conduct, Applicant would have timely filed a petition for
discretionary review. Ex parte Crow, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005). The trial court
shall also make any other findings and conclusions that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.
 
Filed:  July 24, 2013
Do not publish