

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00143-CR

DELBERT SISEMORE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F0490-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

In September 2014, Delbert Sisemore pled not guilty to charges of possession of a controlled substance of less than one gram, burglary of a habitation, and aggravated robbery with an affirmative finding of a deadly weapon.[1] Less than a year later, Sisemore entered guilty pleas to the charges of possession and burglary of a habitation. Sisemore elected to have a jury decide his fate as to the aggravated robbery charge and to also have a jury determine his punishment for the possession of a controlled substance and burglary of a habitation convictions. Pursuant to his requests, a jury was convened and Sisemore was found guilty of aggravated robbery. The jury also assessed his punishment at (1) two years' confinement in a state jail facility for possession of less than one gram of a controlled substance, (2) ten years' confinement in prison for burglary of a habitation, and (3) forty-five years in prison for aggravated robbery. The trial court entered judgments of conviction and sentences in accord with the jury's verdicts. Sisemore timely filed his notice of appeal.[2]

In his sole point of error, Sisemore contends he received ineffective assistance of counsel because his trial counsel failed to offer any evidence in his defense during the punishment phase of the proceedings. Sisemore asks this Court to reverse the trial court's imposition of his forty-five-year sentence for aggravated robbery and to remand his case for a new trial on punishment.

---

[1]The indictment against Sisemore alleged that

> on or about May 24, 2014, [Sisemore] did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally or knowingly threaten or place Jeanna McDonald in fear of imminent bodily injury or death, and [Sisemore] did then and there use or exhibit a deadly weapon, to wit: a firearm.

[2]Sisemore only appeals the trial court's judgment of conviction as to aggravated robbery.

Because Sisemore is unable to show that counsel's ineffectiveness, if any, resulted in a reasonable probability that the result of the proceeding would have been different, we overrule his sole point of error and affirm the trial court's judgment.

## I.    **Background**[3]

During the punishment phase of Sisemore's trial, the State called multiple witnesses, including a law enforcement officer who testified that Sisemore had been previously convicted of multiple misdemeanor charges and at least one felony and that he had also been previously placed on community supervision but failed to successfully complete it. Another officer testified that Sisemore had been involved with the manufacture of methamphetamine. In addition, a community supervision officer testified that while on community supervision, Sisemore tested positive for the use of methamphetamine, at which time the State filed a motion to revoke.

In contrast to the State's presentation of punishment evidence, Sisemore's defense counsel waived his opening and closing arguments and refrained from presenting any testimony or evidence in his defense, including cross-examining the State's witnesses. According to the record, Sisemore's trial counsel proceeded in this manner based, at least in part, on Sisemore's instructions. Outside the presence of the jury, defense counsel called Sisemore to the stand to testify in regard to his wishes:

> [Counsel for Appellant]: Delbert, prior to the beginning of the punishment phase, was it not your communication to me that you did not want me to cross-examine any witnesses, present any witnesses on your behalf, or make any arguments to the jury?

---

[3]Because Sisemore's argument on appeal is based solely on the issue of his trial counsel's ineffectiveness during the punishment phase of the proceedings, we will dispense with a lengthy recitation of the factual background making up the allegations contained in the indictment against him.

[Appellant]: Correct.

[Counsel for Appellant]: And I informed your family and informed you that they wanted to testify, but it was your decision that no testimony be presented or argument made?

[Appellant]: Correct.

[Counsel for Appellant]: That's all I have, Your Honor.

Despite his instructions, Sisemore maintains on appeal that he received ineffective assistance of counsel because his counsel complied with his request. We disagree.

## II.    Ineffective Assistance of Counsel

The right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "Ineffective assistance of counsel claims are evaluated under the two-part test formulated in *Strickland*, requiring a showing of both deficient performance and prejudice." *Johnson v. State*, 432 S.W.3d 552, 555 (Tex. App.—Texarkana 2014, pet. ref'd) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Fox v. State*, 175 S.W.3d 475, 485 (Tex. App.—Texarkana 2005, pet. ref'd)). "To prevail on his ineffective assistance claims, [Sisemore] must prove by a preponderance of the evidence that (1) his counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance prejudiced the defense." *See id.* (citing *Strickland*, 466 U.S. at 687; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000)). "Failure to satisfy either prong of the *Strickland* test is fatal." *Id.* (citing *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006)). "Thus, we need not examine both *Strickland* prongs if one cannot be met." *Id.*

The prejudice prong requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "A reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id*. Thus, in order to establish prejudice,

> an applicant must show "that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result was reliable." [*Strickland*, 466 U.S.] at 687. It is not sufficient for Applicant to show "that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, [he] must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

*Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011).

## III.     Analysis

Sisemore contends he is not required to make a showing of prejudice because his trial counsel's performance amounted to being "totally absent" during a critical stage of the proceedings. *See Goodspeed v. State*, 187 S.W.3d 390, 396–97 (Tex. Crim. App. 2005) (Holcomb, J., dissenting).[4] Sisemore maintains that his trial counsel's failure to present evidence or cross-

---

[4]Sisemore cites to the dissenting opinion in *Goodspeed*, which was penned by Judge Holcomb and joined by Judge Meyers. In that case, after the State conducted its voir dire, trial counsel refrained from asking any questions at all, but explained to the venirepersons that he had listened to the State for approximately two hours and that the State had covered everything, including asking any questions that he might have asked. *Goodspeed*, 187 S.W.3d at 396–97. In addition, although trial counsel exercised all of Goodspeed's peremptory challenges, two of those challenges were used on prospective jurors who had already been excused by the trial court for cause. *Id*. In his dissenting opinion, Judge Holcomb emphasized the importance of jury voir dire and "that there could be no sound reason for trial counsel to entirely waive voir dire." *Id*. at 395. Judge Holcomb continued,

> As to the question of prejudice, I do not disagree with the court of appeals resolution, but I would not apply the standard harm analysis to the errors made here, because the impact of the error could never be adequately shown. . . . The situation here is different and is analogous to not having an attorney in the courtroom at all.

*Id*. at 386 (citations omitted).
     In its majority opinion, however, the court stated, "[W]e cannot conclude that the failure to ask any questions in voir dire constitutes conduct so outrageous that no competent attorney would have engaged in it." *Id*. at 392

examine the State's witnesses resulted "in the deprivation of an entire judicial proceeding." *See Ex parte Crow*, 180 S.W.3d 135, 137–38 (Tex. Crim. App. 2005). Sisemore contends that the error in this case "defies a harm analysis because subjecting the error to *Strickland* prejudice would render meaningless the protections afforded by the right to counsel." *See Goodspeed*, 187 S.W.3d at 396 (citing *Penson v. Ohio*, 488 U.S. 75, 109 (1988)).

In support of his position, Sisemore cites *Crow*. In that case, Crow was charged with the offense of aggravated robbery, pled not guilty, and subsequently, was found guilty by a jury. *Crow*, 180 S.W.3d at 137. He appealed the trial court's judgment of conviction, was appointed appellate counsel, challenged the legal and factual sufficiency of the evidence, and alleged a *Batson*[5] error. The appellate court affirmed the trial court's judgment, but appellate counsel failed to inform Crow of the court's decision. Consequently, Crow did not become aware of the court of appeal's decision until after the time in which he could have filed a petition for discretionary review. Crow then filed a pro se application for a writ of habeas corpus maintaining that he discovered the appellate court's opinion after his own inquiry, that he was deprived of his right to file a petition for discretionary review, and that had one been filed, there was a significant chance his conviction would have been reversed. In his writ application, Crow did not explain why he believed his petition for discretionary review would have had merit. The Texas Court of Criminal Appeals stated,

---

(majority opinion). The court went on to find that even if trial counsel's performance was deficient, appellant had not shown harm. *Id*. at 394.

[5]*Batson v. Kentucky*, 476 U.S. 79 (1986).

6

> But *Johnson*[6] recognized that Supreme Court precedent treats certain attorney errors a little differently under *Strickland*'s prejudice prong than is ordinarily the case. For attorney errors that involve a deprivation amounting to a structural defect, the prejudice inquiry is more limited. These errors are rare, but include deficient conduct that results in the deprivation of an entire judicial proceeding, such as an appeal.

*Id*. at 137–38 (citations omitted). Sisemore contends that because his trial counsel failed to present defense witnesses or cross-examine the State's witnesses, he was "depriv[ed] of an entire judicial proceeding" and that, therefore, he is relieved of proving he was prejudiced by his counsel's performance. *See id*. We disagree.

In *Crow*, appellant had no choice as to whether he would file a petition for discretionary review because his counsel failed to inform him of the appellate court's decision to affirm the trial court's judgment. He was, in fact, "depriv[ed] of an entire judicial proceeding." *Id*. In this case, Sisemore was given the opportunity to present witnesses and to cross-examine the State's witnesses. The record shows that it was Sisemore's own decision that prevented him from presenting a defense and not trial counsel's alleged ineffectiveness. Because of the instructions Sisemore gave, he cannot now say that he was denied an entire proceeding, nor can he do so based on his trial counsel's compliance with his instructions.

Despite his argument to the contrary, we find that Sisemore is required to show that he was prejudiced by his trial counsel's performance at trial. *See Strickland*, 466 U.S. at 687. Generally, a failure to call witnesses does not constitute ineffective assistance of counsel without a showing

---

[6]In *Johnson*, the Texas Court of Criminal Appeals held that all attorney errors should be viewed through the framework of a *Strickland* analysis, except in conflict-of-interest cases and when a defendant is denied the right to counsel altogether. *Johnson v. State*, 169 S.W.3d 223, 232 (Tex. Crim. App. 2005). Neither of these circumstances is present in this case.

that the witnesses were available to testify and that their testimony would have benefited the accused. *Butler v. State*, 716 S.W.2d 48, 55 (Tex. Crim. App. 1986). While the record shows that Sisemore's family members were available at trial to testify, it reveals nothing of what their purported testimony would have been. In short, the record has not been developed to allow this Court to properly address Sisemore's claim. There is simply no way for this Court to conclude that trial counsel's compliance with Sisemore's instructions was deficient performance.

Sisemore has not met his burden of showing that, but for counsel's alleged ineffective assistance, there is a reasonable probability that the result of the proceeding would have been different.

## IV. Conclusion

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:    June 3, 2016
Date Decided:    June 6, 2016

Do Not Publish