

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,793-02

### EX PARTE KEITH SHIRODD SINGLETON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 27936 A-1 IN THE 12TH DISTRICT COURT FROM WALKER COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered open pleas of guilty to one charge of possession of a controlled substance and one charge of possession with intent to deliver a controlled substance at the same time, and was sentenced to sixty years' imprisonment in each case, to run concurrently.

Applicant contends, among other things, that his counsel rendered ineffective assistance because although trial counsel timely filed notice of appeal in the companion case, he failed to timely file a notice of appeal in this case. We remanded this application to the trial court for findings of fact

and conclusions of law. Trial counsel submitted an affidavit in which he conceded that he made a clerical error and failed to include this cause number on the notice of appeal. Trial counsel contended that Applicant was not prejudiced by this failure, as the court of appeals affirmed the conviction in the companion case on appeal. The trial court agreed with trial counsel's argument, concluding that Applicant was not prejudiced by trial counsel's failure to file notice of appeal in this case.

We disagree. When, as in this situation, a defendant's right to an entire judicial proceeding has been denied, the defendant is required to show a reasonable probability that, absent counsel's errors, a particular proceeding would have occurred, but he is not required to show that the proceeding would have resulted in a favorable outcome. *Ex parte Crow*, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005).

Therefore, we find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 27936 A-1 from the 12th District Court of Walker County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Applicant's remaining claims as to this conviction are dismissed. *See Ex parte Torres*, 943

S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 11, 2019
Do not publish