

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-90,448-01 & WR-90,448-02

### EX PARTE GEORGE MICHAEL BARGAS JR., Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 1045924-A & 1045925-A IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of two offenses of aggravated sexual assault of a child and sentenced to imprisonment. The Fourteenth Court of Appeals affirmed his convictions. *Bargas v. State*, 252 S.W.3d 876 (Tex. App—Houston [14thDist.] 2008). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, *inter alia*, that appellate counsel failed to timely inform him that his convictions had been affirmed by the appellate court and that he had a right to seek discretionary review in this Court. Based on the record, the trial court has determined that appellate counsel's performance was deficient and that Applicant would have timely filed a petition for discretionary

review but for counsel's deficient performance. Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005).

Applicant may file out-of-time petitions for discretionary review of the judgments of the Fourteenth Court of Appeals in cause numbers 14-06-00795-CR and 14-06-00797-CR. Should Applicant decide to file petitions for discretionary review, he must file them with this Court within thirty days from the date of this Court's mandate. Any other claims are dismissed. *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:      October 21, 2020
Do not publish