

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,334-01

### EX PARTE CRISTIAN YEPEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2014CRN001641D4 IN THE 406TH DISTRICT COURT
### FROM WEBB COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of one count of murder and one count of tampering with evidence and sentenced to thirty years' imprisonment for the murder count and fifteen years' imprisonment for the tampering count. The Fourth Court of Appeals affirmed his convictions. *Yepez. v State*, No. 04-17-00358-CR (Tex. App. — San Antonio July 3, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed. Applicant alleges that he did not receive notification of the court of appeals' decision until August 6, 2019, by which time the deadline for filing a petition for

discretionary review had passed. Applicant also alleges that appellate counsel did not prepare or advise Applicant that he could prepare a motion for an extension of time to file the petition. The appellate docket reflects that appellate counsel did not certify compliance with rule 48.4 of the Texas Rules of Appellate Procedure until August 6, 2019, at which time appellate counsel submitted a copy of the notification he sent to Applicant, dated on August 6, 2019. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant that his conviction had been affirmed. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed:          February 24, 2021
Do not publish