

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-91,675-01

### EX PARTE TERRANCE HENRY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W09-59736-W(A) IN THE 363RD DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment without parole. The Fifth Court of Appeals affirmed the conviction but reversed and remanded the judgment as to punishment. *Henry v. State,* No. 05-11-00676-CR (Tex. App.—Dallas Aug. 24, 2012, no pet.). In the second punishment proceeding, the trial court sentenced Applicant to life. The appellate court affirmed the judgment. *Henry v. State,* No. 05-14-00197-CR (Tex. App.—Dallas July 10, 2015, pet. ref'd). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel was ineffective because counsel incorrectly informed him that, following the first appeal, there was no need to pursue the claims concerning the

conviction in a petition for discretionary review (PDR) because, after the new punishment hearing, they could preserve them through a motion for new trial and raise them in the second PDR. Additionally, counsel informed Applicant while the first appeal was pending that, "if it bec[a]me necessary," he would file a PDR on Applicant's behalf. However, counsel did not file a PDR from the first appeal.

On Oct. 21, 2020, we remanded this application and directed the trial court to develop the record and make findings of fact and conclusions of law. We received a supplemental record as well as findings of fact and conclusions of law from the trial court. The trial court recommends denying relief.

However, nothing in the supplemental record contradicts Applicant's assertion that appellate counsel misled him by stating that they could raise the guilt-innocence claims in a future proceeding. In addition, nothing in the record indicates that appellate counsel timely informed Applicant of his right to file a pro se PDR from his first appeal, advised Applicant (at a time when Applicant could still file a pro se PDR) that appellate counsel would not be filing a PDR, or otherwise took steps to ensure Applicant's right to prepare and file a PDR from the first appeal. *See Ex parte Wilson,* 956 S.W.2d 25, 26 (Tex. Crim. App. 1997) ("If appellate counsel's action or inaction denies a defendant his opportunity to prepare and file a petition for discretionary review, that defendant has been denied his sixth amendment right to effective assistance of counsel."); *see also Ex parte Crow,* 180 S.W.3d 135, 138 (Tex. Crim. App. 2005) (when a defendant asserts he has been denied his right to an entire judicial proceeding, he is required to show a reasonable probability that, absent counsel's errors, that proceeding would have occurred, but he is not required to show that the proceeding would have resulted in a favorable outcome). The trial court shall comply with this Court's Oct. 21 order. The

trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall obtain an additional response from appellate counsel specifically addressing the questions of whether appellate counsel incorrectly advised Applicant that he could raise the guilt-innocence claims in a future proceeding, and whether counsel timely informed Applicant that he would not be filing a PDR from the first appeal and that Applicant could file a pro se PDR. After obtaining this response, the trial court shall make findings of fact and conclusions of law as to whether Applicant was denied the opportunity to file a PDR from his first appeal. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: APRIL 14, 2021
Do not publish