

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,573-01

### EX PARTE ANTHONY AUZENNE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1501641-A IN THE 177TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated assault and sentenced to fifteen years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Auzenne v. State*, No. 14-17-00456-CR (Tex. App.—Houston [14th Dist.] del. Jul. 19, 2018). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk properly forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07; TEX. R. APP. P. 73.4(b)(5).

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed and of his right to seek a pro se petition for discretionary review in this Court. The trial court entered an order designating issues, but the habeas record forwarded to this Court contains no affidavit or findings resolving the disputed factual issues.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant that his conviction had been affirmed and of his right to seek a pro se petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   May 5, 2021

Do not publish