

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-92,678-01, 92,678-02, & 92,678-03

### EX PARTE JACOB ALAN EDGAR, Applicant

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS CAUSE NOS. 73,481-E-WR, 73,482-E-WR, 73,480-E-WR IN THE 108TH DISTRICT COURT FROM POTTER COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of aggravated assault with a deadly weapon, burglary of a habitation, and unlawful possession of a firearm by a felon, and sentenced to 99 years, 99 years, and 20 years' imprisonment, respectively. The Seventh Court of Appeals affirmed his convictions. *Edgar v. State,* Nos. 07-18-00327-CR, 07-18-00328-CR, & 07-18-00329-CR (Tex. App.— Amarillo, Jan. 24, 2020). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely inform Applicant that his convictions had been affirmed and advise him of his right to file a *pro se* petition for discretionary

review. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit and obtain mail room logs listing whether Applicant received any pieces of mail from appellate counsel after the Court of Appeals affirmed Applicant's conviction. If so, the affidavit should state the dates for such correspondence. The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant that his conviction had been affirmed and that he had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 30, 2021
Do not publish