

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-54,880-02

### EX PARTE GILBERT RODRIGUEZ IV, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1052781-A IN THE 183RD DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of capital murder and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Rodriguez v. State*, No. 14–07–00307–CR (Tex. App.—Houston [14th Dist.], Feb. 19, 2008). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that trial counsel was ineffective because he failed to adequately investigate the case and keep Applicant informed; failed to properly object to Julio Falcon's recorded jailhouse phone conversation with his aunt; failed to object on Fourth Amendment grounds to Applicant's statement made to homicide detectives and the physical evidence gathered

from his home; failed to call several key, available witnesses to testify at trial on his behalf; did not allow Applicant to testify during trial despite Applicant's repeatedly requests; and failed to challenge the State's argument against the admissibility of the letter from Julio Falcon to Applicant's father. Applicant also contends that appellate counsel was ineffective because he failed to file a petition for discretionary review despite Applicant asking him to do so. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether, considering the totality of the circumstances, the common-law doctrine of laches bars equitable relief in this case. *Ex parte Perez*, 398 S.W.3d 206 (Tex. Crim. App. 2013). The trial court shall also make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant that his conviction had been affirmed and whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's

alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: November 3, 2021
Do not publish