

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,106-01

### EX PARTE DAVID ALLEN VASQUEZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-16-0943-A-WHC1 IN THE 22ND DISTRICT COURT FROM HAYS COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of sexual assault and was sentenced to life imprisonment. The First Court of Appeals affirmed his conviction. *Vasquez v. State*, No. 01-19-00031-CR (Tex. App.—Houston [1st Dist.] July 14, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed and advise him of his right to file a *pro se* petition for discretionary review. Based on the record, the trial court has determined that appellate counsel's performance was deficient and that Applicant would have timely filed a petition for discretionary review but for

counsel's deficient performance.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in cause number 01-19-00031-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered:     OCTOBER 05, 2022
Do not publish