

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,456-01

### EX PARTE MUHAMMAD HAROON RASHID, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 14-DCR-066280C HC-1 IN THE 458TH DISTRICT COURT
### FROM FORT BEND COUNTY

*Per curiam*. SLAUGHTER, J., filed a concurring opinion.

### O P I N I O N

Applicant was convicted of engaging in organized criminal activity and sentenced to twenty years' imprisonment. The First Court of Appeals affirmed his conviction. *Rashid v. State*, No. 01-19-00826-CR (Tex. App.—Houston [1ˢᵗ Dist.] Jul. 1, 2021) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that appellate counsel failed to notify him that his direct appeal had been affirmed and that he had the right to file a *pro se* petition for discretionary review. Appellate counsel filed an affidavit in response, as well as a copy of his letter to Applicant dated July 10, 2021. Appellate counsel admits in his affidavit that he did not (1) advise Applicant

he could file a *pro se* petition for discretionary review and (2) send his correspondence to Applicant via certified mail as required by the Rules of Appellate Procedure.

Moreover, appellate counsel's July 10th letter shows that he provided erroneous and insufficient information to Applicant. First, he erroneously advised Applicant that a petition for discretionary review must be filed with the Court of Appeals within thirty days after the mandate issued. Because no motions for rehearing or for en banc reconsideration were filed, Applicant had to file his petition with the clerk of this Court within thirty days after the day the Court of Appeals's judgment was rendered. TEX. R. APP. P. 68.2(a), 68.3. Second, appellate counsel failed to comply with TEX. R. APP. P. 48.4 by not timely sending Applicant by certified mail, return receipt requested, the required information and documentation within five days after the Court of Appeals's opinion was handed down on July 1, 2021. Lastly, appellate counsel failed to specifically inform Applicant that he could file a *pro se* petition for discretionary review with this Court.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in cause number 01-19-00826-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: February 15, 2023
Do not publish