

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-85,945-02

**EX PARTE HENRY LEE HUTCHINSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 2012-1755-C2C IN THE 54TH DISTRICT COURT
## MCLENNAN COUNTY

*Per curiam.*

### O P I N I O N

Applicant was convicted of aggravated assault and sentenced to seventy-five years' imprisonment. The trial court entered a judgment of conviction that stated "N/A" regarding a deadly weapon finding. The Tenth Court of Appeals affirmed Applicant's conviction. *Hutchinson v. State*, No. 10-13-00120-CR (Tex. App.—Waco Apr. 17, 2014) (not designated for publication). Shortly after Applicant was released on parole in 2021, the trial court *sua sponte* entered a judgment nunc pro tunc that amended the judgment of conviction to reflect a deadly weapon finding. The Eighth Court of Appeals reversed the nunc judgment and remanded the case for the limited purpose of conducting a hearing on the nunc judgment. *Hutchinson v. State*, No. 08-22-00002-CR (Tex. App.—Texarkana Oct. 14, 2022) (not designated for publication). The trial court thereafter entered

a second judgment nunc pro tunc that again amended the judgment of conviction to reflect a deadly weapon finding. The Sixth Court of Appeals affirmed the issuance of the second nunc judgment. *Hutchinson v. State*, No. 06-23-00086-CR (Tex. App.—Texarkana Oct. 13, 2023) (not designated for publication).[1] Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely inform him that the second nunc judgment had been affirmed and advise him of his right to file a *pro se* petition for discretionary review. The trial court determined that appellate counsel was not ineffective and recommends denying relief. We disagree. Based on our own independent review of the record, we find that appellate counsel's performance was deficient. Appellate counsel's letter to Applicant—regardless of whether it was sent on October 31, 2023, or if it was sent on November 14, 2023—did not advise Applicant of his right to pursue discretionary review on his own. We further find that Applicant would have timely filed a petition for discretionary review but for counsel's deficient performance.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Sixth Court of Appeals in cause number 06-23-00086-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

---

[1] Originally appealed to the Tenth Court of Appeals, the case was transferred to the Eight Court of Appeals and then to the Sixth Court of Appeals by the Texas Supreme Court.

Delivered: July 2, 2025
Do not publish