

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,640-01

### EX PARTE KETHAN ANDRE PEOPLES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W380-81233-2014-HC IN THE 380TH DISTRICT COURT FROM COLLIN COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated kidnapping and sentenced to forty years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Peoples v. State*, No. 05-15-00097-CR (Tex. App.—Dallas del. Jan. 27, 2016).

Applicant contends that his appellate counsel rendered ineffective assistance because counsel failed to advise him of his right to petition *pro se* for discretionary review. The trial court, with the State's agreement, recommends granting a late petition for discretionary review, but the record does not show whether appellate counsel has been given an opportunity to respond to Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's appellate counsel timely informed Applicant that he has a right to file a *pro se* petition for discretionary review. The trial court shall also make any other findings that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: April 3, 2019
Do not publish