

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-90,198-03

**EX PARTE KEYSHA KEYYOR TUGLER, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W16-47527-N(B) IN THE 195TH DISTRICT COURT
## FROM DALLAS COUNTY

*Per curiam.*

## O R D E R

Applicant was convicted of aggravated robbery and sentenced to thirty-seven years' imprisonment. The Fifth Court of Appeals affirmed her conviction. *Tugler v.State*, 05-17-00429-CR (Tex. App.—Dallas July 12, 2018) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that appellate counsel failed to advise her of her right to file a *pro se* petition for discretionary review. Applicant has alleged facts that, if true, might entitle her to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court

is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent her at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely advised Applicant that she had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 1, 2020

Do not publish