

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,013-01

### EX PARTE AARON SHAWN LINDSEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 16CR0003-83-1 IN THE 10TH DISTRICT COURT FROM GALVESTON COUNTY

*Per curiam*.  YEARY and SLAUGHTER, JJ., concurred.

### **O P I N I O N**

Applicant was convicted of assault with family violence and sentenced to twenty years' imprisonment.  The Fourteenth Court of Appeals affirmed his conviction. *Lindsey v. State*, 544 S.W. 3d 14 (Tex. App. — Houston [14th Dist.] Feb. 6, 2018).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed and advise him of his right to file a *pro se* petition for discretionary review.  Based on the record, it appears that appellate counsel notified Applicant that his conviction had been affirmed, but not until approximately two weeks after the appellate decision was handed down.  Rule

48.4 of the Texas Rules of Appellate Procedure requires an attorney to "within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."

The record does not show that appellate counsel notified Applicant of his right to file a *pro se* petition for discretionary review. Rather, appellate counsel notified Applicant that he did not have the right to appointed counsel for that purpose and that Applicant could retain appellate counsel to file a petition for discretionary review on his behalf. Applicant alleges that he could not afford to retain counsel, and that by the time he able to research and discover that he could file a *pro se* petition, he did not have sufficient time in which to do so. Applicant filed a *pro se* motion for an extension of time for filing a petition for discretionary review, but this Court did not receive that motion until after the appellate mandate had issued, and the motion was denied.

Based on the record, it appears that appellate counsel's performance was deficient and that Applicant would have timely filed a petition for discretionary review but for counsel's deficient performance.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Fourteenth Court of Appeals in cause number 14-16-00895-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: January 13, 2021
Do not publish