

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,250-01

### EX PARTE FELICIANO CRUZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WR-92,250-01 IN THE 214TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of one count of murder and one count of tampering with or fabricating physical evidence. He was sentenced to life imprisonment for the murder and ten years' imprisonment for the tampering with evidence, to be served concurrently. The Thirteenth Court of Appeals affirmed his conviction. *Cruz v. State*, No. 13-17-00683-CR (Tex. App. — Corpus Christi January 9, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed and advise him of his right to file a *pro se* petition for discretionary

review. On January 19, 2021, the trial court entered an order designating issues. The district clerk forwarded this application to this Court before the trial court made findings of fact and conclusions of law. On February 10, 2021, this Court remanded this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

After remand, the State filed an amended answer in which it states that it has now been able to verify from appellate counsel that Applicant's allegations "are likely true." The State recommends that Applicant be granted an out-of-time petition for discretionary review. The trial court has entered findings of fact and conclusions of law, finding that appellate counsel was ineffective for failing to notify Applicant of the outcome of his appeal and his right to file a *pro se* petition for discretionary review. The trial court also recommends that relief be granted in the form of an out-of-time petition for discretionary review. However, this Court generally does not find an attorney ineffective without providing that attorney with an opportunity to respond by way of affidavit or live testimony.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant that his conviction had been affirmed and that he had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: March 31, 2021
Do not publish