

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-92,513-01

### EX PARTE MAX PATRICK SADLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W02-74193-M(A) IN THE 194TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant entered an open plea of guilty to indecency with a child and was sentenced to twenty years' imprisonment. Appellate counsel filed an *Anders* brief, and the Fifth Court of Appeals affirmed Applicant's conviction. *Sadler v. State*, No. 05-04-01816-CR (Tex. App. — Dallas Dec. 14, 2005) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* Tex. Code Crim. Proc. art. 11.07.

Applicant contends that appellate counsel sent a copy of the *Anders* brief to the wrong address, despite having been timely informed of Applicant's new unit of assignment. Applicant alleges that he did not receive a copy of the brief until too late to file a *pro se* response brief, and that

appellate counsel did not advise him of the process for obtaining the record and filing a *pro se* response. Applicant also alleges that appellate counsel failed to advise him of his right to file a *pro se* petition for discretionary review.

Applicant has alleged facts that, if true, might entitle him to relief. *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claims. Specifically, appellate counsel shall state whether he received the February 5, 2005. letter from Applicant notifying him of his change of address, and whether appellate counsel sent copies of the *Anders* brief and other communications to the correct address. Appellate counsel shall state whether he timely informed Applicant of his right to file a *pro se* response brief, and of the process for obtaining a copy of the record to review in order to prepare such a brief. Appellate counsel shall state whether he advised Applicant of his right to file a *pro se* petition for review.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall first ensure that the habeas record is supplemented with copies of the indictment, judgment, appellate opinion, any communications from appellate counsel or the court of appeals notifying Applicant of his right to review the record and file a *pro se* response to counsel's

*Anders* brief, any communication from appellate counsel notifying Applicant of his right to file a *pro se* petition for discretionary review, and any other relevant documents. The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely advised Applicant of his right to review the record and file a *pro se* response to counsel's *Anders* brief, and whether he timely advised Applicant that he had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: April 21, 2021
Do not publish