

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,657-01

### EX PARTE FREDDIE PILAR BUSTOS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-372-W012048-1472251-A IN THE 372ND DISTRICT COURT
### FROM TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of aggravated assault of a family member with a weapon and sentenced to forty five years' imprisonment. The Second Court of Appeals affirmed his conviction. *Bustos v. State*, No. 02-19-00028-CR (Tex. App.—Fort Worth Apr. 23, 2020) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that appellate counsel failed to timely inform Applicant that his conviction had been affirmed. Based on the record, the trial court has determined that appellate counsel's performance was deficient and that Applicant would have timely filed a petition for discretionary review but for counsel's deficient performance.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in cause number 02-19-00028-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: April 13, 2022
Do not publish