

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,654-01

### EX PARTE JERRY WAYNE RHONE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16CR-103 IN THE 349TH DISTRICT COURT
### FROM HOUSTON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of theft and sentenced to twenty-five years' imprisonment. The Twelfth Court of Appeals affirmed his conviction. *Rhone v. State*, 12-20-00055-CR (Tex. App.—Tyler Jan. 21, 2021)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely inform Applicant that his conviction had been affirmed. He also contends that his trial counsel was ineffective for failing to convey a plea offer, failing to hire an expert witness, and failing to file a motion for new trial. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25

(Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall order appellate counsel to respond to Applicant's claim regarding whether he timely informed Applicant of the result of his appeal and that he had a right to file a *pro se* petition for discretionary review. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of trial counsel. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant that his conviction had been affirmed. The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things,

affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: April 20, 2022
Do not publish