

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-93,720-01

### EX PARTE JIMMY GONZALES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20681-A IN THE 23RD DISTRICT COURT FROM WHARTON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of continuous sexual abuse of a child and sentenced to twenty-five years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Gonzales v. State*, No. 13-18-00193-CR (Tex. App.—Corpus Christi-Edinburgh Nov. 29, 2018)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective for, among other things, failing to properly explain a plea offer. He contends that his appellate counsel was ineffective for, among other things, failing to timely inform him of the appellate court's decision and of his right to file a *pro se* petition for discretionary review.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order both trial and appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely advised Applicant that had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested

by the trial court and obtained from this Court.


Filed: May 11, 2022
Do not publish