

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-93,950 -01, -02, & -03

### EX PARTE BRANDON V. CARRAWAY, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. W17-75820-S(A), W17-75821-S(A), AND W17-75822-S(A)
### IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

A jury convicted Applicant of compelling prostitution of a person under the age of eighteen, sexual assault of a child, and trafficking of a person under the age of eighteen for prostitution. The jury assessed prison terms. Applicant appealed, and the appellate court affirmed the convictions. Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In the -01 habeas application, Applicant claims his retained appellate counsel failed to timely inform him of the appellate decision affirming the conviction for compelling prostitution (trial no. F-17-75820-S; appeal no. 05-18-00367-CR), which he says denied him of his right to seek a petition for discretionary review with this Court. *See Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App.

1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). In the -02 and -03 habeas applications, Applicant complains that his retained appellate counsel did not attack the merits of the convictions for sexual assault of a child (trial no. F-17-75821-S; appeal no. 05-18-00368-CR) and trafficking (trial no. F-17-75822-S; appeal no. 05-18-00369-CR), so appellate counsel should have filed briefs in accordance with *Anders v. State of Cal.*, 386 U.S. 738, 744 (1967), withdraw from representation in these two appeals, and permitted Applicant to file pro se briefs regarding the convictions. *Strickland v. Washington*, 466 U.S. 668 (1984). There is no response in the habeas record from appellate counsel.

Applicant has alleged facts that, if true, might entitle him to relief. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claims. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel provided ineffective assistance, whether Applicant would have timely filed a petition for discretionary review in the compelling prostitution case but for appellate counsel's alleged deficient performance, and whether Applicant would have filed non-frivolous pro se briefs in the sexual assault and trafficking cases but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: August 24, 2022
Do not publish