

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,076-01

### EX PARTE CALVIN HALEY JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 923573-A IN THE 179TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam.* NEWELL, J., concurred.

### O R D E R

Applicant was convicted of murder and sentenced to ninety-nine years' imprisonment. The First Court of Appeals affirmed his conviction. *Haley v. State*, No. 01-03-00704-CR (Tex. App.—Houston [1ˢᵗ Dist.] Oct. 28, 2004) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This application was file-stamped in Harris County on August 10, 2006. An order designating issues was signed by the trial judge on September 1, 2006. Although Applicant filed this application with the help of habeas counsel, Applicant filed *pro se* letters in the trial court in 2007, 2009, and 2013, inquiring about the status of this pending application. An order requesting an

affidavit from trial counsel was signed by the trial judge on January 21, 2016. The application was not received by this Court until August 24, 2022. There is no indication in the record of any action by the trial court since ordering counsel to file an affidavit, and there is no indication that counsel ever filed the affidavit as ordered. Nor is there any indication as to why this application was pending in Harris County for so long without any action by the clerk or the trial court.

Applicant contends, among other things, that trial counsel was ineffective for presenting the testimony of firearms expert Charles Anderson during the defense's case-in-chief at trial. Applicant alleges that counsel hired Anderson on the morning he testified, that Anderson looked at the murder weapon (a gun) during a trial recess, and that Anderson then testified that there was nothing wrong with the weapon. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

As a preliminary matter, the trial court shall make findings of fact as to why no action was taken by the trial court or the clerk between the entry of the order designating issues and the forwarding of the application to this Court. The trial court shall obtain a response from Applicant as to whether Applicant still wants to pursue this application, and shall include that response in the supplemental record. If the trial court is unable to obtain such a response from Applicant, the trial court shall detail the efforts that were made to obtain a response from Applicant. The trial court shall then return the application to this Court.

If Applicant indicates that he does want to pursue this application, the trial court shall order trial counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). It appears that Applicant was represented by habeas counsel

at the time he filed this application but is no longer. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether trial counsel's performance was deficient and Applicant was prejudiced. The trial court shall make specific findings as to when counsel retained Anderson, how much time Anderson spent evaluating the murder weapon, and what impact Anderson's testimony that there was nothing wrong with the murder weapon had on the defense. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:    December 07, 2022
Do not publish