

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,429-01

### EX PARTE ISMAEL CASTILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 18FC-1930-H(1) IN THE 347TH DISTRICT COURT FROM NUECES COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of one count of capital murder and one count of engaging in organized criminal activity, and sentenced to life imprisonment without possibility of parole. The Thirteenth Court of Appeals affirmed his conviction. *Castillo v. State*, No. 13-19-00567-CR (Tex. App. — Corpus Christi – Edinburg February 25, 2021) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that although appellate counsel advised him at some point of the possibility of filing a *pro se* petition for discretionary review, appellate counsel did not timely and properly advise him of the deadlines and procedures for doing so. Applicant has alleged facts that,

if true, might entitle him to relief. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. Specifically, appellate counsel shall state whether he timely advised Applicant that his conviction had been affirmed, sent Applicant a copy of the appellate opinion, and advised Applicant that he had the right to file a *pro se* petition for discretionary review. If appellate counsel did timely provide this information to Applicant, appellate counsel shall state why he did not file a letter with the court of appeals certifying compliance with Rule 48.4 of the Texas Rules of Appellate Procedure. Appellate counsel shall provide documentation of any correspondence with Applicant detailing his right to and the deadlines and procedures for filing a *pro se* petition for discretionary review. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant of his right to file a *pro se* petition for discretionary review, and of the deadlines and procedures for doing so. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: January 11, 2023
Do not publish