

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-94,479-02

**EX PARTE GERARDO OGAZ, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1789 IN THE 394TH DISTRICT COURT
## FROM CULBERSON COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of intoxication manslaughter [Count I] and failure to stop and render assistance [Count II]. He was sentenced to fifty years' imprisonment for Count I and twenty-five years for Count II, to run concurrently. The Eighth Court of Appeals affirmed his convictions. *Ogaz v. State*, No. 08-19-00137-CR (Tex. App.—El Paso Jun. 18, 2021) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that he lost his right to file a *pro se* petition for discretionary review because appellate counsel failed to timely inform him that his conviction had been affirmed. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Wilson*,

956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order appellate counsel to respond to Applicant's claim. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether appellate counsel timely informed Applicant that his conviction had been affirmed and that he had a right to file a *pro se* petition for discretionary review. The trial court shall also determine whether Applicant would have timely filed a petition for discretionary review but for appellate counsel's alleged deficient performance. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:            February 15, 2023
Do not publish