

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,099-01

### EX PARTE JUAN CARLOS BARRERA-MAGANA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1338054-A IN THE 338TH DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam. Slaughter, J., filed a concurring opinion.*

## O P I N I O N

Applicant was convicted of murder and sentenced to life in prison. The First Court of Appeals affirmed the conviction. *Barrera-Magana v. State*, No. 01-14-00982-CR (Tex. App.—Houston [1st Dist.] Dec. 17, 2015) (not designated for publication). Applicant, acting *pro se*, filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In his application, Applicant contends that appellate counsel told him she would file a petition for discretionary review (PDR) regarding the judgment of the appellate court affirming the conviction, but she failed to do so. He complains that appellate counsel failed to timely inform him of his right to file a *pro se* PDR, which he says he would have pursued. This Court remanded the

habeas application to the trial court for a response from appellate counsel and findings. On remand, the trial court appointed habeas counsel, supplemented the habeas record with appellate counsel's affidavit, and entered findings recommending that this Court deny Applicant a late PDR. Habeas counsel filed objections.

This Court has made an independent review of the record. It shows that appellate counsel mailed Applicant a letter with the appellate opinion enclosed. In the letter, appellate counsel told Applicant, "I will file this petition for you." Appellate counsel did not file a PDR, and the deadline to do so expired. In *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997), this Court held, "If appellate counsel's action or inaction denies defendant his opportunity to prepare and file petition for discretionary review, defendant has been denied his Sixth Amendment right to effective assistance of counsel." Appellate counsel was deficient as alleged.

Applicant says, "Had [appellate counsel] informed Applicant that she was not going to prepare and file a PDR [and] inform Applicant of his legal rights to prepare and file a pro-se PDR, Applicant would have timely filed a pro se PDR." The record supports Applicant's assertion that he would have pursued a *pro se* PDR. In *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005), this Court explained that a habeas applicant seeking a late PDR "is not required to show that the proceeding would have resulted in a favorable outcome." Appellate counsel's deficient performance harmed Applicant.

Relief is granted. Applicant may file an out-of-time petition for discretionary review of the judgment of the First Court of Appeals in cause number 01-14-00982-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: November 22, 2023
Do not publish