

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-94,479-02

### EX PARTE GERARDO OGAZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 1789 IN THE 394TH DISTRICT COURT
### FROM CULBERSON COUNTY

*Per curiam*.  SLAUGHTER, J., filed a concurring opinion.

### O P I N I O N

Applicant was convicted of intoxication manslaughter [Count I] and failure to stop and render assistance [Count II].  He was sentenced to fifty years' imprisonment for Count I and twenty-five years for Count II, to run concurrently.  The Eighth Court of Appeals affirmed his convictions.  *Ogaz v. State*, No. 08-19-00137-CR (Tex. App.—El Paso Jun. 18, 2021) (not designated for publication).  Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court.  *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contended, among other things, that he lost his right to file a *pro se* petition for discretionary review because appellate counsel failed to timely inform him that his conviction had been affirmed by the court of appeals.  The Court initially remanded this claim to the trial court to

obtain a response from appellate counsel, and to make findings of fact and conclusions of law. Appellate counsel filed an affidavit essentially stating that, although he had no clear independent memory of events of this particular case, he had no reason to doubt that he followed his usual and customary practice in appellate representation to obtain and immediately transmit to his client a copy of the judgment and opinion of the court of appeals. The trial court found appellate counsel's affidavit credible, determined that appellate counsel had timely and adequately informed Applicant that his conviction had been affirmed, and recommended relief be denied. Based on the record at that time, we disagreed. We, therefore, remanded the case again so that the trial court could obtain Applicant's mail room logs from June 2021 to December 2021, as well as affidavits from the appropriate mail room supervisors stating whether or not Applicant received mail from his appellate attorney during the applicable period.

The trial court complied with our second remand order and has made supplemental findings. It found, among other things, that the mail logs establish that Applicant received no incoming mail from anyone—including appellate counsel—during the applicable time frame. It recommends that this Court grant relief in the form of allowing Applicant to file an out-of-time petition for discretionary review. We agree. Applicant was denied the right to file an a *pro se* petition for discretionary review because appellate counsel failed to notify him that the court of appeals had affirmed his convictions.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Eighth Court of Appeals in cause number 1789. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within

thirty days from the date of this Court's mandate.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997). Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: March 6, 2024
Do not publish