

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,361-01

### EX PARTE JOSE ANGEL DIAZ, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-3546-22-B(1) IN THE 93RD DISTRICT COURT
### HIDALGO COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of one count of the continuous sexual abuse of a child, sentenced to twenty-five years' imprisonment, one count of indecency with a child, sentenced to two years' imprisonment, and one count of aggravated sexual assault of a child, sentenced to five years' imprisonment. The Thirteenth Court of Appeals vacated the count of aggravated sexual assault and affirmed the other two convictions. *Diaz v. State*, No. 13-22-00602-CR (Tex. App.—Corpus Christi-Edinburg Aug. 15, 2024)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that appellate counsel failed to timely file a petition for discretionary

review when she informed Applicant that she would file one on his behalf. Based on the record, the trial court has determined that appellate counsel's performance was deficient and that Applicant would have timely filed a petition for discretionary review but for counsel's deficient performance.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Thirteenth Court of Appeals in cause number. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: March 5, 2025
Do not publish