

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-96,462-01

### EX PARTE SEAN ANDERSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-22-904055-A IN THE 390TH DISTRICT COURT
### TRAVIS COUNTY

*Per curiam*.

### O P I N I O N

Applicant was convicted of aggravated sexual assault of a child and sentenced to thirty-one years' imprisonment. The Third Court of Appeals affirmed his conviction. *Anderson v. State*, No. 03-23-00030-CR (Tex. App.—Austin Aug. 9, 2023) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that appellate counsel failed to timely advise him of his right to file a *pro se* petition for discretionary review. Based on the record, the trial court finds that appellate counsel failed to comply with Tex. R. App. P. 48.4 and therefore Applicant was neither timely informed of the direct appeal decision nor of his right to file a *pro se* petition for discretionary

review. The trial court recommends that Applicant be permitted to file an out-of-time petition for discretionary review. We agree. The record shows that appellate counsel did not send Applicant the required information and documentation within five days after the Court of Appeals's opinion was handed down on August 9, 2023, as required by Rule 48.4, and instead waited until after mandate issued on November 8, 2023. Consequently, Applicant was not advised of his right to file a *pro se* petition for discretionary review until after the period for filing such a petition had ended.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Third Court of Appeals in cause number 03-23-00030-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: MARCH 26, 2025
Do not publish