

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-95,451-02

### EX PARTE KENNETH R. BIRDO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. C-1-W012491-1733259-B IN THE CRIMINAL DISTRICT COURT #1
### TARRANT COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted was convicted by a jury of two third-degree felony counts: (1) continuous violence against the family and (2) assault against a family member by impeding breathing or circulation. The Second Court of Appeals vacated his conviction under Count 2 and affirmed his conviction under Count 1. *Birdo v. State*, No. 02-22-00142-CR (Tex. App.—Ft. Worth Jul. 20, 2013) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends, among other things, that appellate counsel failed to timely advise him of his right to file a *pro se* petition for discretionary review. The trial court made findings of fact

and conclusions of law recommending that relief on all grounds be denied. Specifically, the trial court found that "[b]ecause Applicant prevailed on direct appeal, appellate counsel's failure to inform Applicant about a petition for discretionary review was reasonable." The trial court also found that "Applicant has failed to prove that appellate counsel's representation was deficient due to his failure to inform Applicant about a petition for discretionary review." These findings are unsupported by the record and applicable laws.

Although Applicant prevailed on direct appeal, he still maintained the right to file a petition for discretionary review in this Court. Appellate counsel filed an affidavit admitting that he did not advise Applicant of his right to file a *pro se* petition for discretionary review. Consequently, based on our independent review of the record, we find that appellate counsel's performance was deficient and that Applicant would have timely filed a petition for discretionary review but for counsel's deficient performance.

Relief is granted. *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997); *Ex parte Crow*, 180 S.W.3d 135 (Tex. Crim. App. 2005). Applicant may file an out-of-time petition for discretionary review of the judgment of the Second Court of Appeals in cause number 02-22-00142-CR. Should Applicant decide to file a petition for discretionary review, he must file it with this Court within thirty days from the date of this Court's mandate. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: May 28, 2025
Do not publish